<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI</td></tr>
<tr>
<td>IRIS FIGUEROA ZABALA<br><br>Recurrida<br><br>v.<br><br>DIRECTOR ADMINISTRATIVO DE LOS TRIBUNALES<br><br>Peticionario</td>
<td>KLCE202300918</td>
<td>*CERTIORARI*<br>Procedente de la Junta de Personal de la Rama Judicial<br><br>Caso Núm.: Q-21-02<br><br>Sobre: Licencia de Vacaciones</td>
</tr>
</table>

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 14 de noviembre de 2023.

Comparece el Director Administrativo de los Tribunales (el Director Administrativo o el Peticionario) mediante recurso de *certiorari* y solicita la revocación de la *Resolución* emitida el 20 de abril de 2023 por la Junta de Personal de la Rama Judicial (Junta de Personal), notificada el 2 de mayo de 2023.[1] Mediante la referida *Resolución,* la Junta de Personal declaró *Ha Lugar* la moción de disposición sumaria presentada por la Sra. Iris Figueroa Zabala (señora Figueroa Zabala o la Recurrida), y concluyó sumariamente que la determinación de la autoridad nominadora de cargar a la licencia de vacaciones de la recurrida el periodo de 13 de abril a 1 de mayo de 2020, durante la vigencia de la Emergencia por la Pandemia del Coronavirus, fue contraria a la reglamentación vigente.

Por los fundamentos que discutiremos a continuación, expedimos el auto de *Certiorari* y revocamos la Resolución recurrida.

---

[1] Véase páginas 1-10 el Apéndice de la Petición de *Certiorari*.

Número Identificador

SEN(RES)2023_____

I

La Recurrida es empleada del Poder Judicial y se desempeña como Secretaria Auxiliar del Tribunal de Primera Instancia, Sala de San Juan. El 5 de noviembre de 2020, la señora Figueroa Zabala cursó carta al Director Administrativo en la que le solicitó que se eliminara el descuento realizado a su licencia de vacaciones de los días marcados por ella en el plan de vacaciones que comprende del 13 de abril de 2020 hasta el 1 de mayo de ese año. Allí expuso que los días marcados en el plan eran fechas tentativas.[2]

De igual forma, el 9 de febrero de 2021, la señora Figueroa Zabala presentó Querella ante la Junta de Personal en la que impugnó los días descontados de su balance de vacaciones durante la vigencia de la Orden Ejecutiva del Gobierno emitida durante la emergencia por la pandemia del coronavirus. En síntesis, la Recurrida alegó que no fue convocada a trabajar y que la autoridad nominadora procedió a cargarle a su licencia de vacaciones los días del mes abril que ella había incluido en el plan de vacaciones. Destacó que a los fines de que se dejara sin efecto dicho descuento, cursó comunicación al Director Administrativo sin obtener respuesta.[3]

El 14 de noviembre de 2022, la señora Figueroa Zabala presentó *Moción en Solicitud de Adjudicación Sumaria* ante la Junta de Personal.[4] En lo pertinente, allí expuso como hechos incontrovertidos, entre otros, los siguientes:

> "2. La señora Figueroa tenía separadas en el Plan de Vacaciones para el año 2020, las fechas que comprenden desde el 13 de abril de 2020 al 1 de mayo de 2020, inclusive (15 días laborables), para el disfrute de estas. (Ver **Exhibit 1**, plan de vacaciones Enmendado y **Exhibit 2**, Declaración Jurada)
>
>       .....
>
> 4. **La Querellante nunca llenó una solicitud de Licencia para solicitar formalmente que se aprobaran las fechas demarcadas en el Plan de Vacaciones**, según establecido

---

[2] Véase página 67 del Apéndice de la Petición de *Certiorari.*
[3] Véase página 68 del Apéndice de la Petición de *Certiorari.*
[4] Véase páginas 183-289 del Apéndice de la Petición de *Certiorari.*

en las Normas y procedimientos Sobre Asistencia y Licencias aprobadas por la OAT el 17 de noviembre de 2003. (Ver **Exhibit 2**, Declaración Jurada)

.......

6. **La Querellante nunca solicitó en el Sistema KRONOS las vacaciones demarcadas en el Plan de Vacaciones para las fechas que comprenden desde el 13 de abril de 2020 al 1 de mayo de 2020, inclusive, previo al 13 de marzo de 2020, ni solicitó que su Supervisora las aprobara en el Sistema Kronos.** (Ver Exhibit 2, Declaración Jurada)

....

23. La Querellante no disfrutó las fechas separadas por ésta en el Plan de Vacaciones, debido al "lockdown" y tampoco fue convocada a trabajar durante el período del cierre operacional del Poder Judicial, ni se le asignó trabajo remoto.

24. Al regresar a sus labores, tras la reapertura de las operaciones del Poder Judicial, la querellante se percató que los quince (15) días que ésta había separado en el Plan de Vacaciones para el año 2020, desde el 13 de abril de 2020 al 1 de mayo de 2020, la OAT se los había descontado de su balance de licencia de vacaciones. (Ver **Exhibit 2**, supra)

En respuesta, el Director Administrativo presentó *Oposición a Moción en Solicitud de Adjudicación Sumaria de la Parte Querellante* a la que anejó entre otros documentos, una Declaración Jurada prestada por la Directora del Área de Recursos Humanos de la Oficina de Administración de los Tribunales (OAT), la Sra. Sheila Ivette Rosado Rodríguez (Anejo I) y una Declaración Jurada prestada por la Secretaria Regional II de la Región Judicial de San Juan, la Sra. Griselda Rodríguez Collado (Anejo 2).[5] En apretada síntesis, allí expuso que estaban en controversia entre otros, los hechos 2,4,6 alegados como incontrovertidos por la recurrida en la *Moción en Solicitud de Adjudicación Sumaria*, para lo cual presentó documentos y contra declaraciones juradas. En esencia, argumentó el Director Administrativo que contrario a lo esbozado por la señora Figueroa Zabala, en su *Moción en Solicitud de Adjudicación Sumaria,* surge de las declaraciones juradas sometidas con su oposición, que la recurrida seleccionó en el Formulario OAT 498 el periodo en el que deseaba tomar sus vacaciones y que su supervisora había

---

[5] Véase páginas 31-51 el Apéndice de la Petición de *Certiorari.*

aprobado dicha solicitud. Finalmente, expuso que la controversia no era susceptible de adjudicación sumaria.

Mediante *Resolución* emitida el 20 de abril de 2023, notificada el 2 de mayo de 2023, la Junta de Personal declaró *Ha Lugar* la moción de disposición sumaria presentada por la señora Figueroa Zabala. Así pues, concluyó sumariamente la Junta de Personal que la recurrida no realizó una solicitud de vacaciones y que incidió la autoridad nominadora al cargar a la licencia de vacaciones de la recurrida el periodo de 13 de abril al 1 de mayo de 2020, durante la vigencia de la emergencia por la pandemia del coronavirus. Razonó la Junta de Personal que, conforme a los hechos incontrovertidos alegados por la recurrida en su *Moción en Solicitud de Adjudicación Sumaria,* dicho descuento con cargo a la licencia de vacaciones es contrario a la reglamentación vigente por lo que ordenó a la autoridad nominadora eliminarlo.

En desacuerdo, el 17 de mayo de 2023, el Director Administrativo solicitó reconsideración.[6] Mediante *Resolución* de 13 de junio de 2023, notificada el 17 de julio del corriente año, la Junta de Personal declaró *No Ha Lugar* la *Moción de Reconsideración* presentada por el Director Administrativo.[7]

Inconforme, el Director Administrativo recurre ante nos mediante Petición de *Certiorari* y señala la comisión de los siguientes errores por parte de la Junta de Personal:

1. ERRÓ LA JUNTA DE PERSONAL AL ASUMIR JURISDICCIÓN SOBRE LA QUERELLA, PESE A QUE ESTA VERSABA EXCLUSIVAMENTE SOBRE LA ALEGADA "OMISIÓN" EN CONTESTAR LA CARTA DE LA EMPLEADA DE 5 DE NOVIEMBRE DE 2020 QUE SOLICITABA EL PAGO DEL PERIODO EN CONTROVERSIA CONFORME A LAS ÓRDENES EJECUTIVAS EMITIDAS POR LA ENTONCES GOBERNADORA; CONTESTACIÓN QUE EL DIRECTOR ADMINISTRATIVO EMITIÓ EN OCTUBRE DE 2021 SIN QUE LA EMPLEADA TOMARA ACCIÓN

---

[6] Véase páginas 11-24 del Apéndice de la Petición de *Certiorari.*
[7] Véase páginas 25-27 del Apéndice de la Petición de *Certiorari.*

ALGUNA DENTRO DEL TÉRMINO JURISDICCIONAL DE QUINCE (15) DÍAS PARA ELLO.

2. ERRÓ LA JUNTA DE PERSONAL AL DEJAR SIN EFECTO LO DISPUESTO EN LAS GUÍAS PARA LA ASISTENCIA POR ENTENDER QUE NO ESTABLECIERON UNAS EXCEPCIONES PARA EL PAGO DE SALARIOS AL PERSONAL QUE NO TRABAJÓ DURANTE LA PANDEMIA. CONSIDERANDO QUE LAS NORMAS SOBRE ASISTENCIA REQUIEREN QUE EL PERSONAL TRABAJE O QUE ESTÉ DISFRUTANDO DE UNA LICENCIA CON PAGA O TIEMPO COMPENSATORIO PARA QUE PUEDA RECIBIR UN SALARIO, LO ERRÓNEAMENTE RESUELTO POR LA JUNTA DE PERSONAL IMPEDIRÍA REALIZAR PAGO ALGUNO A LA SEÑORA FIGUEROA DURANTE ESE PERIODO DE TIEMPO POR NO HABERLO TRABAJADO.

3. ERRÓ LA JUNTA DE PERSONAL AL DETERMINAR QUE NO PROCEDÍA UTILIZAR LA LICENCIA DE VACACIONES POR RAZÓN DE QUE LA EMPLEADA NO SOLICITÓ EL PERIODO A TRAVÉS DEL SISTEMA KRONOS, A PESAR DE QUE ES UN HECHO INCONTROVERTIDO QUE ELLA LAS HABÍA SOLICITADO MEDIANTE EL PLAN DE VACACIONES Y QUE EL TRÁMITE ADMINISTRATIVO RELACIONADO FUE REALIZADO POR LA DIRECTORA EJECUTIVA EN CONSIDERACIÓN A LAS CIRCUNSTANCIAS DE LA PANDEMIA.

4. **ERRÓ LA JUNTA DE PERSONAL AL CONCEDER LA MOCIÓN DE ADJUDICACIÓN SUMARIA DE LA RECURRIDA YA QUE EL DIRECTOR ADMINISTRATIVO DEMOSTRÓ QUE VARIOS DE LOS HECHOS INCLUÍDOS POR ELLA EN APOYO A SU SOLICITUD DE DISPOSICIÓN SUMARIA ERAN ERRÓNEOS Y/O ESTABAN EN CONTROVERSIA, LO QUE IMPEDÍA SU ADJUDICACIÓN SUMARIA.**

Por su parte, la señora Figueroa Zavala compareció ante nosotros mediante *Moción en Cumplimiento de Resolución y en Oposición a que se Expida el Auto de Certiorari*, presentada el 29 de agosto de 2023. En ajustada síntesis, la Recurrida señaló que aun cuando reconocía que el Tribunal Supremo enmendó el *Reglamento de la Junta de Personal de la Rama Judicial,* para establecer que la revisión de las órdenes o resoluciones de la Junta de Personal se presenten ante el Tribunal de Apelaciones mediante el recurso de *certiorari*, carecemos de autoridad para revisar discrecionalmente la *Resolución* recurrida mediante una petición de *certiorari*; por lo que procede denegar la expedición del auto.

Mediante *Resolución* de 7 de septiembre de 2023, declaramos No Ha Lugar la *Moción en Cumplimiento de Resolución y en Oposición a que se Expida el Auto de Certiorari* presentada por la recurrida.

## II
### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones[8] de un foro inferior[9]. Esta facultad discrecional de los tribunales apelativos, para expedir o denegar un recurso de *certiorari,* está limitada por la Regla 52.1 de Procedimiento Civil de Puerto Rico[10], que establece cuáles asuntos interlocutorios serán revisables. La Regla 52.1, *supra,* faculta nuestra intervención, mediante *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. De igual forma y por excepción nos faculta en situaciones determinadas a revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 *supra.* [11]

---

[8] "[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019).

[9] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Véase, además*, Torres González v. Zaragoza Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

[10] 32 LPRA Ap. V, R. 52.1.

[11] En ese contexto, los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. Véase*, Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

Ahora bien, **el *certiorari* también es el recurso discrecional apropiado para solicitar la revisión de una orden o resolución de la Junta de Personal de la Rama Judicial.** Véase, *In re Enmiendas Rgl. Jta. Personal RJ,* 210 DPR 662 (2022). Sobre estos extremos, el Artículo XIV(d) del Reglamento de la Junta de Personal de la Rama Judicial, según enmendado el 19 de octubre de 2022 (Reglamento de la Junta de Personal), dispone en lo pertinente lo siguiente:

> **La parte adversamente afectada por una orden o resolución de la Junta podrá presentar una petición de *certiorari* ante el Tribunal de Apelaciones, dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha de la notificación de una orden o resolución de la Junta. Cuando se presente una moción de reconsideración oportuna ante la Junta, el término para presentar petición de *certiorari* ante el Tribunal de apelaciones comenzará a contar desde la notificación de la orden o resolución de la Junta que resolvió la moción de reconsideración.** (Énfasis suplido)

Al ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar[12]. Éstos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[12] 4 LPRA Ap. XXII-B, R. 40.

**B.**

En cuanto al mecanismo procesal de sentencia sumaria, su propósito cardinal es proveer una solución justa, rápida y económica para aquellos litigios de naturaleza civil en los cuales no exista un conflicto o controversia genuina de hechos materiales. *Pérez García v. Office Depot*, 203 DPR 687 (2019). Nuestro ordenamiento procesal civil contempla que cualquiera de las partes pueda solicitar que se disponga sumariamente la totalidad o cualquier parte de una reclamación. Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36; *Torres Pagán et al. v. Mun. de Ponce*, 191 DPR 583, 597 (2014). En ese contexto, la Regla 36, *supra*, exige que el peticionario de un dictamen sumario establezca su derecho con claridad y demuestre que no existe controversia sustancial sobre algún hecho material; es decir, suficiente para que no sea necesario dirimirlo en un juicio plenario. *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414 (2013). Para ello, la parte promovente viene obligada a desglosar los hechos relevantes sobre los cuales aduce que no existe controversia sustancial, en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya. *Id.*; Regla 36.3(a)(4), *supra*.

En lo atinente al estándar de revisión aplicable, en *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 117 (2015), el Tribunal Supremo estableció "el estándar específico" que debe utilizar este Tribunal de Apelaciones al "revisar denegatorias o concesiones de Mociones de Sentencia Sumaria". A esos efectos, el Tribunal dispuso en lo pertinente: [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la

referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679 (2018) (citando a *Meléndez González et al. v. M. Cuebas, supra,* págs. 118-119).

### III

Es preciso destacar que la adjudicación sumaria del caso que nos ocupa, por parte de la Junta de Personal, constituyó un mecanismo procesal análogo a la sentencia sumaria emitida por un Tribunal de Primera Instancia o a la disposición sumaria de un caso por parte de una agencia administrativa en el ejercicio de sus funciones cuasi judiciales. En ese contexto, conforme a los criterios de la Regla 40 de nuestro Reglamento, *supra,* los cuales guían el ejercicio de nuestra discreción para intervenir con dicha adjudicación sumaria, expedimos el auto de *certiorari* solicitado por el Director Administrativo, y revocamos la Resolución recurrida.

Aclaramos que si bien expedimos el auto de *certiorari,* nuestros pronunciamientos no adjudican los méritos del caso ante la consideración de la Junta de Personal. Resolvemos que el mismo no era susceptible de adjudicación sumaria. Ello obedece a que, como bien sostiene el Director Administrativo en el cuarto señalamiento de error de su Petición de *Certiorari,* existe controversia sobre los hechos materiales esenciales allí esbozados, que ameritaban la celebración de vista evidenciaria para dilucidarlos.

Al respecto, concluimos que los hechos enumerados en el cuarto señalamiento de error de la Petición de *Certiorari* presentada por el Director Administrativo son hechos materiales en controversia que impedían la adjudicación sumaria del caso. Añadimos, además, que en el caso que nos ocupa, existe controversia material sobre los hechos 2, 4, 6, 23 y 24, enumerados como hechos incontrovertidos por la recurrida en su *Moción de Solicitud de Adjudicación Sumaria.*

En vista de lo anterior, la Junta de Personal incidió al conceder la moción de adjudicación sumaria presentada por la recurrida y al determinar sumariamente que la señora Figueroa Zavala no solicitó vacaciones para el periodo del 13 de abril al 1 de mayo de 2020. Este a su vez, es un hecho material esencial en controversia que impedía la adjudicación sumaria del reclamo de la recurrida.

Como corolario de lo anterior, procede la expedición del auto de *certiorari* y la revocación de la *Resolución* recurrida, a los fines de celebrar vista evidenciaria para la adjudicación en los méritos del caso ante la consideración de la Junta de Personal.

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta sentencia, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones